IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLANO ENCRYPTION TECHNOLOGIES, LLC,<br>    *Plaintiff*,<br>v.<br><br>ALKAMI TECHNOLOGY, INC.,<br>    *Defendant*. | Civil Action No. 2:16-cv-1032-JRG<br>LEAD CASE |

## ORDER

On August 15, 2017, the Court held a hearing regarding Plaintiff Plano Encryption Technologies, LLC's ("Plaintiff") Motion for Leave to Serve Amended Infringement Contentions against State Farm Mutual Automobile Insurance Company ("State Farm") (Dkt. No. 120). Having now fully considered the Parties' arguments, the Court finds that the Motion should be **GRANTED**.

### I. BACKGROUND

On October 3, 2016, Plaintiff filed its Complaint against Defendant State Farm, alleging infringement of U.S. Patent Nos. 5,991,399 and 5,974,550. Plaintiff's original infringement contentions charted a particular cipher suite called "RSA." The original contentions also identified other cipher suites, including a suite referred to as "ECDHE," but Plaintiff did not chart those additional cipher suites. Plaintiff now moves to amend its infringement contentions to add charts of the ECDHE cipher suite.

## II.   LEGAL STANDARD

"Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions." *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *1 (E.D. Tex. 2016). Amendments to these contentions are permitted "by order of the Court . . . upon showing of good cause." *Id.* at *3. Good cause in this context "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (internal quotation marks omitted). The Court also considers the following four factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 WL 12605571, at *1 (E.D. Tex. 2014) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

## III.   ANALYSIS

### A. Plaintiff's Explanation for Failure to Meet the Deadline

Plaintiff notes at the outset that its original infringement contentions identified the overall standard being used, which contains all of the potential cipher suites. Thus, Plaintiff argues that once it realized State Farm was using a particular cipher suite (ECDHE), Plaintiff merely attempted to provide more detail in its contentions. In response to the proposed amendments, State Farm argues that Plaintiff should have included that level of detail in its original contentions.

Plaintiff argues that it could not have known which particular cipher suite State Farm used because there are many cipher suites, and the particular suite used depends on the software and

2

network configuration that a particular entity utilizes to upload its mobile applications. Moreover, according to Plaintiff, the fact that State Farm used the ECDHE suite could not have been determined through investigation of State Farm's code. (Dkt. No. 120 at 6.)

State Farm responds that Plaintiff should have exercised more diligence in identifying the cipher suites used when uploading a mobile application to either Google or Apple. Specifically, State Farm notes that Google's publicly available documents demonstrate that if an entity uploads its mobile applications through Chrome, the cipher suite used for such uploading is ECDHE. Thus, Defendant argues that Plaintiff could have identified the proper cipher suite through publicly available information. Plaintiff responds, however, that it could not have known that State Farm uploads its mobile applications through Chrome because many different browsers may be used to interact with Google's uploading process. As such, according to Plaintiff, even despite the existence of the public information identified by State Farm, Plaintiff still could not have known which cipher suite State Farm was using to upload its mobile applications to Google.

The Court finds Plaintiff's argument on this point persuasive. First, it is apparent from the Parties' arguments that the particular cipher suite used by State Farm could not have been identified through an inspection of State Farm's code. This is supported by the fact that even State Farm cannot currently determine the cipher suite used during the Apple uploading process. Moreover, it appears that the publicly available information referenced by State Farm could not have given Plaintiff a full understanding of the particular cipher suite being used.

**B. Importance of Contentions that Would be Excluded if Not Allowed**

Plaintiff contends that the proposed amendments to its contentions are important because the ECDHE cipher suite reads more closely on the asserted claims in this case and that the minor

technical differences between the different cipher suites are important in explaining Plaintiff's infringement contentions. (Dkt. No. 120 at 8–9.) State Farm responds by arguing that it will prevail on its early summary judgment motion regardless of these proposed amendments. As such, according to Defendant, the amendments are not important. (Dkt. No. 130 at 11.) Based on the Parties' short arguments, the Court is persuaded that the amendments proposed by Plaintiff are indeed important, as they will serve as a more targeted basis for Plaintiff's case going forward.

### C. Potential Prejudice to Defendant State Farm if Leave is Granted

State Farm argues that it may suffer prejudice in the future because Plaintiff may file *another* motion to amend its infringement contentions once Plaintiff has identified the relevant cipher suite used in the uploading process through Apple, as opposed to through Google. State Farm admits that even it has not been able to identify the cipher suite used in the Apple uploading process. Based on this, State Farm contends that Plaintiff should not be able to continue amending its contentions up until just before trial. State Farm also notes that it would suffer prejudice currently because it has already filed a summary judgment motion based on Plaintiff's earlier contentions. (Dkt. No. 130 at 12.)

While the Court agrees that perpetual amendments to contentions are inappropriate, the Court is not persuaded that Defendant will be significantly prejudiced in this case. First, State Farm's concern regarding potential future requests to amend is merely speculation, and the Court will not base its current decision on a possibility that may or may not occur down the road. Further, the Court recently granted State Farm leave to re-file its summary judgment motion in light of the Court's early *Markman* Order in this case, and Plaintiff's Response to Defendant's revised summary judgment motion is not yet due. Should State Farm deem it appropriate to further revise

its summary judgment motion, State Farm may certainly request leave to do so, given the early stage of the briefing process. However, the Court is not willing to fully preclude Plaintiff from amending its infringement contentions merely because Defendant filed an early summary judgment motion in this case.

### D. Availability of a Continuance to Cure Potential Prejudice

Finally, State Farm argues that a continuance would further prejudice Defendant because State Farm believes its summary judgment motion should be considered and granted as soon as possible. However, the Court notes that the *Markman* hearing in this case is set for November 27, 2017, which gives the Parties a sufficient amount of time to fully brief the pending summary judgment motion (or a revised motion, if needed) before this case progresses to claim construction. As such, this case is still early enough in its pendency such that various discovery and briefing deadlines could be adjusted, if needed, to accommodate the proposed amendments to the infringement contentions.

## IV. CONCLUSION

Having considered the factors above and the circumstances surrounding this particular case, the Court finds that the equities weigh in favor of granting Plaintiff leave to amend its infringement contentions. Accordingly, Plaintiff's Motion for Leave to Serve Amended Infringement Contentions against State Farm Mutual Automobile Insurance Company (Dkt. No. 120) is hereby **GRANTED**.

**So ORDERED and SIGNED this 21st day of September, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE